IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

BYRON JOHNSON,

                                Plaintiff,

      vs.                                Civil Action No.
                                               6:03-CV-1471 (DNH/DEP)

JO ANN B. BARNHART, in her official
capacity as COMMISSIONER OF SOCIAL
SECURITY,

                               Defendant.

―――――――――――――――――――――――――――――

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

BYRON JOHNSON, *pro se*

FOR DEFENDANT:

HON. GLENN T. SUDDABY             WILLIAM H. PEASE, ESQ.
United States Attorney for the        Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

OFFICE OF GENERAL COUNSEL       BARBARA L. SPIVAK, ESQ.
Social Security Administration         Chief Counsel, Region II
26 Federal Plaza
New York, NY 10278                    MARLA PIAZZA SIEGEL, ESQ.
                                          Assistant Regional Counsel

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Plaintiff Byron Johnson, a *pro se* litigant who has been found to be disabled and is receiving supplemental security income ("SSI") benefits under the Social Security Act (the "Act"), effective November 23, 1994, seeks judicial review of the denial of earlier applications for SSI and disability insurance benefits, extending back to 1988.[1]  Plaintiff's challenge implicates the denial of two earlier applications, one of which proceeded through the entire administrative process and into the courts, and a second which was not pursued through the full course of the administrative process available to the claimant.

In response to plaintiff's complaint, the Commissioner has moved seeking its dismissal asserting, *inter alia*, its untimeliness, and additionally arguing that plaintiff's complaint does not challenge the denial of a new application which would entitle him to a hearing.  For the reasons set forth below, I recommend that defendant's motion be granted.

I.     BACKGROUND

_____

[1]     According to the Commissioner, plaintiff last met the earnings requirement for entitlement to disability insurance benefits on December 31, 1992.

The facts surrounding the plaintiff's claims are relatively uncomplicated, and do not appear to be particularly controversial. According to the plaintiff's complaint and the administrative record before the court, it appears that plaintiff first filed an application for Social Security benefits, in the form of disability insurance payments, on June 20, 1990, alleging a disability onset date of January 30, 1988. Administrative Record (Dkt. No. 13) ¶ 3(a).[2] That application was denied initially on July 18, 1990, and does not appear to have been further pursued by the plaintiff. AR Exh. 1.

On October 8, 1992 plaintiff again filed an application for benefits, this time concurrently seeking both disability insurance and SSI benefits

_____

[2]     Defendant Barnhart's motion, which challenges, *inter alia*, the timeliness of plaintiff's complaint and his alleged failure to fully exhaust his administrative remedies before the Social Security Administration as required before seeking judicial review under 42 U.S.C. § 405(g), does not specify the procedural basis upon which it is brought. Since, as will be seen, the time constraint imposed under section 405(g) is not jurisdictional, but instead is in the nature of a statute of limitations, defendant's motion is being treated by the court as seeking dismissal of plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, based upon the plaintiff's failure to state a claim upon which relief may be granted, rather than pursuant to Rule 12(b)(1), under which a jurisdictional dismissal motion would ordinarily be based. *See ante* pp. 10-13. When considering a motion to dismiss under Rule 12(b)(6), courts do not consider matters outside the pleadings. Fed. R. Civ. P. 12; *see Triplett v. Heckler*, 767 F.2d 210, 211-12 (5th Cir. 1985). As a result, while the court will take judicial notice of the administrative record, portions of which are attached as exhibits to the declaration of Yvonne K. Speights, and consider it in conjunction with the motion, the substance of the Speights declaration, also submitted in support of defendant's motion, will not be considered. All references to the administrative record will be labeled as "AR ___".

and alleging that he became disabled on January 1, 1987.  AR Exh. 2.

Following denial of those applications, both initially and upon

reconsideration, and a hearing, the assigned administrative law judge

("ALJ"), issued a decision on November 29, 1993, finding that the plaintiff

was not disabled.  *Id.*  After denial of plaintiff's request for review of that

determination by the Social Security Administration Appeals Council on

March 4, 1994, plaintiff appealed directly to the United States Court of

Appeals for the Second Circuit, challenging that determination; that

proceeding was later dismissed on April 20, 1994 as "so indisputably

lacking in merit as to be frivolous within the meaning of 28 U.S.C. §

1915(d)."  *See id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct.

1827 (1989)).

On December 16, 1994 plaintiff filed another application for SSI

benefits, asserting a protective filing date of November 23, 1994.  AR Exh.

3.  No further action was taken by the plaintiff following the denial of that

application, both initially and upon reconsideration, until by letter dated

August 26, 1998, a representative acting on behalf of the plaintiff

requested that it be reopened.  *Id.*  Agency records reflect that a hearing

was subsequently conducted in connection with that application, resulting

in the issuance by the assigned ALJ of a favorable decision finding

plaintiff to be disabled at the relevant times, and awarding SSI benefits.

*Id.*

Plaintiff filed a request for a hearing with the agency on November 5,

2002, complaining of not having received benefits for the period beginning

in 1988.  AR Exh. 4.  That request was dismissed by an ALJ on November

26, 2002, and plaintiff's request for review of that determination was

denied by the Appeals Council on September 5, 2003.  *Id.*

II.    PROCEDURAL HISTORY

Plaintiff commenced this action in the Eastern District of New York

on or about October 30, 2003, seeking review of the November 26, 2002

denial of his request for a hearing.[3,4]  Dkt. No. 1.  Following the transfer of

_____

        [3]        The action was transferred to this district by order issued by the Hon.
Nina Gershon on November 12, 2003, based upon the fact that the plaintiff resides in
Kingston, New York, and thus within this district.  *See* Dkt. No. 3.

        [4]        In addition to this action, plaintiff commenced two separate suits in the
Western District of New York in August, 1993 addressing the denial of Social Security
benefits.  *Byron Johnson v. Secretary, Dept. of Health & Human Servs.*, No. 93-CV-
684A (filed Aug. 23, 1993); *Byron Johnson v. Erie County Department of Soc.Servs.*,
No. 93-CV-0683A (W.D.N.Y. filed Aug. 29, 1993)*.*  The precise interplay between
those actions, both of which were dismissed as legally deficient, and this one remains
unclear.
        In the first of those suits, an action brought under section 205(g) of the Act, 42
U.S.C. § 405(g), plaintiff alleged that he had not received a hearing on the denial of his
application for benefits.  No. 93-CV-0684A, Dkt. No. 1.  Plaintiff's complaint was
dismissed pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, with leave
to file an amended complaint.  Based on plaintiff's failure to file an amended complaint

the matter to this district and service of process, the Commissioner moved

on November 30, 2004 seeking dismissal of plaintiff's complaint.  Dkt. No.

13.  In her motion, defendant asserts that 1) dismissal is warranted since

plaintiff did not file a new application which would have entitled him to a

hearing, and thus he has failed to fully exhaust available administrative

remedies; 2) plaintiff's complaint is untimely, having been filed more than

sixty days after receipt of the "final decision" now being challenged, and

plaintiff has failed to provide grounds for either equitable tolling or

otherwise excusing him from his failure to seek timely judicial review; and

3) plaintiff may not challenge the Commissioner's determination not to

issue a final decision based upon application of *res judicata*.  The court

has received no response from plaintiff to the pending dismissal motion,

which has been referred to me for the issuance of a report and

which complied with the applicable federal rules, in April of 1993 District Judge Richard J. Arcara dismissed plaintiff's complaint in that action with prejudice and denied leave to appeal.  Dkt. Nos. 5, 6, 8.

In the second of those suits, a civil rights action under 42 U.S.C. § 1983, plaintiff complained of the denial of Social Security benefits for the period of May 1, 1986 to June 1, 1993.  No. 93-CV-683A, Dkt. No. 1.  By decision and order dated January 17, 1994, Judge Arcara dismissed plaintiff's complaint, without prejudice, based on Johnson's failure to allege the personal involvement of defendant Erie County Department of Social Services in incidents which plaintiff alleged occurred in Fort Lauderdale, Florida and Tannersville, New York, and denied leave to appeal.  No. 93-CV-683A, Dkt. Nos. 3-4.

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern

District of New York Local Rule 72.3(d).  *See also* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

    A.    Failure to Respond

    Despite evidence that defendant's dismissal motion was served

upon him, plaintiff has failed to respond in opposition to the motion.

Before addressing the merits of defendants' motion, the court must initially

address the significance of this failure.

    When a plaintiff fails to oppose a motion to dismiss, the court is not

precluded from recommending disposition of the pending motion without

the benefit of his or her submission.  *See*, *e.g.*, *White v. Mitchell*, No. 99-

CV-8519, 2001 WL 64756, at *1 (E.D.N.Y. Jan. 18, 2001).  A motion to

dismiss tests only the legal sufficiency of the challenged complaint;

accordingly, while the non-moving party should be given reasonable

opportunity to respond to such a motion the court can determine the

complaint's sufficiency as a matter of law based on its own reading of the

complaint and application of the relevant case law.  *McCall v. Pataki*, 232

F.3d 321, 322-23 (2d Cir. 2000).  Moreover, while under this court's local

rules a party's failure to respond to a properly filed motion can constitute

consent to granting of that motion, the court must first make a threshold finding that the moving party has met its burden demonstrating entitlement to the relief requested.  N.D.N.Y.L.R. 7.1(b)(3); *see also McCall*, 232 F.3d at 322-23 (holding that plaintiff's failure to respond to motion to dismiss in and of itself could not constitute basis for dismissal if plaintiff's complaint stated a claim for relief); *White*, 2001 WL 64756, at n.2 (citing *McCall*).

> B.    <u>Dismissal Motion Standard</u>

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading, applying a standard which is neither controversial nor rigorous in its requirements.  Under that provision, a court may not dismiss a complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him [or her] to relief." *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citing, *inter alia*, *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).  In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party. *Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964); *Miller v. Wolpoff & Abramson,*

*L.L.P.*, 321 F.3d 292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003); *Burke v. Gregory*, 356 F. Supp.2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.).  The court's determination as to the sufficiency of a complaint must take into consideration the fact that the governing rules require only that the defendant be afforded "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley*, 355 U.S. at 47, 78 S. Ct. at 103; *see Phillips v. Girdich*, 408 F.3d 124, 127-29 (2d Cir. 2005).

When assessing the sufficiency of a complaint against this backdrop, a court must afford particular deference to a *pro se* litigant, and should therefore generously construe such an unrepresented litigant's complaint when determining whether it states a cognizable cause of action.  *Davis*, 320 F.3d at 350 (citation omitted); *Donhauser v. Goord*, 314 F. Supp.2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.).  A complaint drafted by an uncounseled plaintiff should not be dismissed unless "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations."  *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997) (citation omitted).  In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that

a valid claim might be stated.  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

### C.    Merits of Defendant's Motion

_____Defendant's motion implicates several discrete legal concepts, each of which has potential applicability in this instance.  Defendant asserts that plaintiff's application for judicial review is untimely, not having been filed within sixty days of plaintiff's presumptive receipt of the challenged determination.  Defendant also asserts that the determination, review of which is now sought, is not a final determination of the Commissioner, and thus is not reviewable within the scope of this court's designated authority under the governing statute conferring jurisdiction in the matter.  Finally, defendant maintains that since the denial of plaintiff's request for reopening of an earlier application was properly denied on the ground of *res judicata*, there is no basis for this court's review of that determination.

### 1.    Timeliness

As a general rule, "the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."

-10-

*Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S. Ct. 2698, 2701 (1981)

(quoting *United States v. Testan*, 424 U.S. 392, 399, 96 S. Ct. 948, 953

(1976) and *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767,

769 (1941)) (internal quotation marks omitted).  Because sovereign

immunity applies with equal force to actions seeking review of

administrative orders issued by federal agencies, litigants seeking such

review must scrupulously adhere to the procedures and conditions, which

are to be strictly construed, prescribed by Congress for such a review

proceeding.  *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336,

78 S. Ct. 1209, 1218 (1958); *see also Bowen v. City of New York*, 476

U.S. 467, 479, 106 S. Ct. 2022, 2029 (1986) (citing *Block v. North Dakota*,

461 U.S. 273, 287, 103 S. Ct. 1811, 1819-20 (1983)); *Davila v. Barnhart*,

225 F.Supp.2d 337, 338 (S.D.N.Y. 2002) (citing, *inter alia*, *Bowen*).

The statutory provision authorizing judicial review of determinations

of the Commissioner requires commencement of a civil action "within sixty

days after the mailing . . . of notice of . . . decision or within such further

time as the Commissioner may allow[.]"[5]  42 U.S.C. § 405(g).  The notice

_____

[5]     For good cause, the Commissioner may extend the time for seeking
review of an agency determination.  *See* 20 C.F.R. §§ 404.911, 404.933(c),
404.968(b), 404.982.  Such an extension was neither requested nor granted in this
case.

typically provided by the Social Security Administration Appeals Council to claimants, including that sent to the plaintiff in this case, overrides this provision to a limited degree, requiring the filing of a request for judicial review within sixty days of the date of *receipt* of the notice, adding that absent evidence to the contrary receipt within five days of mailing will be presumed.  *See* AR Exh. 4.  The section governing such review goes on to provide that "[n]o finding of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."  42 U.S.C. § 405(h).

When evaluated against this backdrop, it is clear that to the extent the petitioner challenges the denial of his November 5, 2002 request for hearing, this action is timely since it was commenced within sixty days after his presumptive receipt of the Appeals Council's denial on September 5, 2003 of his request for review.  As the Commissioner argues, however, to the extent that plaintiff's complaint, liberally construed, could be considered as challenging the rejection of his earlier applications, the first of which was denied on July 18, 1990, with the second resulting in denial of review by the Appeals Council on March 4, 1994, this action is patently untimely as having not been filed within this

-12-

sixty day window.

Under certain, limited circumstances, the sixty day filing requirement, which is not jurisdictional, prescribed by section 405(g) may be equitably tolled. *Bowen v. City of New York*, 476 U.S. 467, 480, 106 S. Ct. 2022, (1986). The Second Circuit has observed that equitable tolling is "not infrequently inappropriate, as Congress intended to be unusually protective of claimants in this area." *State of New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990) (citations and internal quotations omitted). The doctrine of equitable tolling allows courts to deem filings timely where a litigant can show that he or she pursued his or her rights diligently but that some extraordinary circumstance prevented him or her from filing. *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (citing *Pace v. DiGuglielmo*, ___ U.S. ___, 125 S. Ct. 1807, 1814 (2005)). Plaintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling. *Davila*, 225 F.Supp.2d at 339 (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).

Since there is no evidence in this case to suggest a colorable basis for equitable tolling, I recommend a finding that to the extent that it can be construed as seeking to challenge the earlier denial of benefits, plaintiff's

complaint be rejected as untimely.  *See Davila*, 225 F.Supp.2d at 339
(listing examples where equitable tolling has been allowed).

## 2.    Final Determination of the Agency

The only agency determination of which the plaintiff has properly
sought review stems from the ALJ's dismissal on November 26, 2002 of
his request for a hearing, a denial which on September 5, 2003 the
Appeals Council refused to set aside.  Defendant argues that the ALJ's
decision of November 26, 2002 did not constitute a final decision of the
Commissioner, and thus is not subject to review under section 405(g).

The provision which invests this court with authority to review
determinations of the Commissioner provides that review may be sought
of "any *final decision* of the Commissioner of Social Security made after a
hearing to which [the claimant] was a party[.]"  42 U.S.C. § 405(g)
(emphasis added).  "This provision clearly limits judicial review to a
particular type of agency action[.]"  *Califano v. Sanders*, 430 U.S. 99, 108,
97 S. Ct. 980, 986 (1977).  The term "final decision" is left undefined by
Congress in the Social Security Act, instead leaving its meaning to be
"flesh[ed] out by regulation."  *Weinberger v. Salfi*, 422 U.S. 749, 766, 95
S. Ct. 2457, 2467 (1975).

The Commissioner's regulations provide for a four step administrative review process, designed to lead ultimately to a judicially reviewable final decision.  20 C.F.R. § 404.900(a) *et seq.*; *see Sanders,* 430 U.S. at 102, 97 S. Ct. at 982 ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner.]").  In accordance with the prescribed administrative process, an individual claiming entitlement to benefits first receives an initial determination from the agency.  20 C.F.R. § 404.902. In the event of an adverse initial determination, in most instances the claimaint must next seek reconsideration.  20 C.F.R. § 404.907.  When an application is denied at the initial level and not reversed upon reconsideration, a claimant may request a hearing before an ALJ.  20 C.F.R. § 404.929.  In the event of a determination by the ALJ, following a hearing, denying benefits, the claimant next may seek review by the Social Security Administration Appeals Council, which may either deny the request for review, in which case the ALJ's decision represents a final determination of the Commissioner, or instead grant the request for review and issue its own decision.  20 C.F.R. § 404.967.  Only upon completion of this four step administrative review process does a claimant satisfy his

-15-

or her obligation to obtain a judicially reviewable final decision.  20 C.F.R.

§ 404.900(a); *see Sanders*, 430 U.S. at 101-02, 97 S. Ct. at 982.

In this instance plaintiff failed to avail himself of the full, four step

process, instead seeking to by-pass a portion of the process by filing a

request for a hearing without first having filed a new application for

benefits.

> [A]n interpretation that would allow a claimant judicial review
> simply by filing and being denied a petition to reopen his [or
> her] claim would frustrate the Congressional purpose,  *plainly
> evidenced in § 205(g), to impose a 60-day limitation upon
> judicial review of the Secretary's final decision on the initial
> claim for benefits.*  Congress' determination so to limit judicial
> review to the original decision denying benefits is a policy
> choice obviously designed to forestall repetitive or belated
> litigation of stale eligibility claims.  Our duty, of course, is to
> respect that choice.

*Sanders*, 430 U.S. at 108, 97 S. Ct. at 986 (emphasis added; internal

citations omitted); *see also Rosen v. Celebrezze*, 254 F. Supp. 280, 281

(N.D.N.Y. 1964) ("The jurisdiction of the District Court to review in these

matters is expressly limited by statute and particularly as it pertains to this

matter, that jurisdiction is conferred to review a final decision of the

Secretary made after a hearing.") (citing 42 U.S.C. § 405 (g & h)).  Courts

have consistently recognized the lack of authority to review a decision of

the Commissioner denying an application to review an earlier denial of

benefits.  *See*, *e.g.*, *Amato v. Bowen*, 739 F. Supp. 108, 110-11 (E.D.N.Y. 1990) (the "Secretary's refusal to reopen a prior claim for benefits is not a 'final decision of the Secretary made after a hearing' within the meaning of section 405(g)" (citations omitted)).  To find otherwise would condone the revival of earlier, final determinations by simply filing repetitive or belated requests to reopen, thereby frustrating congressional intent to limit judicial review to an original decision denying benefits as "a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims."  *Willow v. Sullivan*, 733 F. Supp. 591, 594 (W.D.N.Y. 1990) (citing and quoting *Sanders*, 430 U.S. at 108, 97 S. Ct. at 986). Only when prior applications have been "constructively reopened" by the Commissioner, and have led to actual consideration of the merits of the underlying claims, or in the case of a colorable constitutional challenge, will this rule not be invoked.  *Attia v. Barnhart*, 306 F. Supp.2d 895, 899 (D.S.D. 2004); *Amato*, 739 F. Supp. at 110-11; *see also Malave v. Sullivan*, 777 F. Supp. 247, 252 (S.D.N.Y. 1991) (finding constructive reopener based upon the ALJ's consideration of "the entire record in the case including medical evidence as far back as 1984 and testimony about periods before then").

Since plaintiff has failed to obtain a final, judicially reviewable decision of the agency before commencing this action, his complaint should therefore be dismissed on this basis, there having been offered no cognizable reason for excusing the final agency requirement based upon plaintiff's circumstances.

### 3.    Res Judicata/Denial of Request to Reopen

In this instance the ALJ's refusal to reopen plaintiff's earlier applications was based upon *res judicata*, those prior determinations having ripened into final agency determinations.  *See* AR (Dkt. No. 13) Exh. 4.  As a further basis for upholding a determination in this case, the Commissioner argues that the ALJ's determination, based upon *res judicata*, to deny the new hearing application as duplicative of an earlier application decided unfavorably to the plaintiff is not judicially reviewable, absent a showing of a colorable constitutional violation.

*Res judicata* has been recognized by the courts as an appropriate basis for rejection of repetitive claims in administrative settings.  *See Stellacci v. Barnhart*, No. 02 Civ.8875, 2003 WL 22801554, at *5 (S.D.N.Y. Nov. 24, 2003) (citing *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422, 86 S. Ct. 1545, 1560 (1966) and *Thompson v.*

-18-

*Richardson*, 452 F.2d 911, 913 (2d Cir. 1971)); *see also Amato*, 739 F.

Supp. at 110 n.2 ("Administrative *res judicata* has gained full recognition in

the courts.") (citations omitted).  While, as defendant argues, a court is not

empowered to review the Commissioner's refusal to reopen an earlier

determination based upon *res judicata*, absent *de facto* or constructive

reopening or presentment of a colorable constitutional challenge, *see*

*Attia*, 306 F. Supp.2d at 898, the court does, however, retain the power to

determine the threshold issue of whether *res judicata* was properly

invoked by the ALJ.  *Amato*, 793 F. Supp. at 111 (citing, *inter alia*, *Purter*

*v. Heckler*, 771 F.2d 682, 689-91 (3d Cir. 1985) and *McGowen v. Harris*,

666 F.2d 60, 67 (4th Cir. 1981)).

Adopting the traditional notion of *res judicata* as applied in ordinary

instances of repetitive litigation of civil claims, courts have held that "[t]he

doctrine of *res judicata* is properly applied to deny a benefits claim when

the claimant has had a previous disability determination on the same facts

and issues, and such determination has become final by either

administrative or judicial action."  *Amato*, 793 F.Supp. at 111.  In this

instance, I can find no impropriety in the ALJ's resort to *res judicata* in

order to deny plaintiff's application to reopen.  No new evidence was

supplied, and it is apparent that plaintiff's application in essence sought only to relitigate earlier claims which, by regulation, have become final. Based upon this finding, and discerning no colorable constitutional violation which would result from the application of *res judicata*, I recommend that the court decline plaintiff's request to review the denial of his request for a hearing as not falling within the scope of this court's administrative review authority.

## IV.   SUMMARY AND RECOMMENDATION

_____Undeniably the plaintiff is disabled within the meaning of that term as utilized in the Act, and as a result now receives SSI benefits based upon an application filed in 1994.  Denial of two earlier applications, which included requests for disability benefits, both ripened into final determinations, and plaintiff's request for a hearing appears to challenge those unfavorable determinations.  Because plaintiff's request for reopener of those earlier determinations was properly denied on the basis of *res judicata*, and did not constitute a final agency determination susceptible of judicial review under section 205(g) of the Social Security Act, this court lacks jurisdiction to entertain plaintiff's challenge.  To the extent that plaintiff's complaint in this matter can be construed as

challenging the results of his prior, unsuccessful administrative efforts to

seek disability insurance benefits, that application is untimely as not

having been filed with sixty days of his receipt of the corresponding

agency determinations.

Based upon the foregoing it is hereby

RECOMMENDED that defendant's motion to dismiss plaintiff's

complaint (Dkt. No. 13) be GRANTED, and that plaintiff's complaint be

DISMISSED in its entirety.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge

written objections to the foregoing report.  Such objections shall be filed

with the Clerk of the Court within ten (10) days.  FAILURE TO SO

OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roland v. Racette*,

984 F.2d 85 (2d Cir. 1993).

IT IS FURTHER ORDERED, that the Clerk of the Court serve a copy

of this Report and Recommendation upon the parties.

Dated:     April 24, 2006
           Syracuse, NY

G:\socialsecurity\johnson.wpd

David E. Peebles
U.S. Magistrate Judge